**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

DENEISHA HALSTEAD,

    Plaintiff,

v.

ASZ CARING HEARTS HEALTHCARE, INC.,
a Florida for-profit corporation,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, DENEISHA HALSTEAD ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendant, ASZ CARING HEARTS HEALTHCARE, INC. ("ASZ" or "Defendant"), on behalf of herself, and alleges as follows:

**INTRODUCTION**

1. Defendant unlawfully deprived Plaintiff of federal minimum wages during the course of her employment. Plaintiff made an effort to obtain her unpaid wages before initiating this lawsuit – albeit unsuccessfully. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all minimum wages that Defendants refused to pay Plaintiff during her employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant was a Florida for profit corporation located and transacting business within Broward County, Florida, within the jurisdiction of this Honorable Court.

4. Defendant, ASZ, is headquartered and operates its principal location in Broward County, Florida.

5. Defendant, ASZ, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*, during all times pertinent to the allegations herein.

6. During all times material hereto, Defendant was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices during the relevant time period.

## JURISDICTION AND VENUE

7. All acts and omissions giving rise to this dispute took place within Broward County, Florida, which falls within the jurisdiction of this Honorable Court.

8. Defendant, ASZ, is headquartered and regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

9. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

10. Defendant, ASZ, is a home healthcare agency that provides staffing services to homeowners throughout the State of Florida.

## FLSA COVERAGE

11. Defendant, ASZ, is covered under the FLSA by virtue of the fact that it employs individuals (such as Plaintiff) as domestic service employees and sends these employees to residential homes in Broward County to engage in manual labor and work that does not qualify them for any exemption under the FLSA.

12. During the relevant time period, Defendants employed Plaintiff as a domestic service worker[1] who provided live-in home healthcare services to a homeowner in Broward County, Florida.

13. During all material times hereto, Plaintiff was a non-exempt employee of Defendant, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANTS

14. Plaintiff began working as an employee for Defendant in October 2019.

15. During all times periods pertinent to this Complaint, Plaintiff performed non-exempt work for Defendants as a domestic service home health aide employee.

16. During this time period, Defendant instructed Plaintiff to provide domestic services as a home healthcare aide to one of Defendant's clients "A.K."

17. Defendant instructed Plaintiff to report to the "A.K." residence where she was instructed by Defendant to provide domestic and health services for "A.K."

---

[1] Congress extended FLSA coverage to "domestic service" workers in 1974. *See 29 U.S.C. § 206(f); see, also, 29 U.S.C. § 207(i).* This amendment extended FLSA coverage to employees performing household services in a private home, including those domestic workers employed directly by households or by companies too small to be covered as enterprises under the FLSA. *See, e.g.,* Switala v. Rosenstiel, *2017 WL 7792713 at \*4 (S.D. Fla. 2017)* ("It is well-established that the FLSA applies to domestic service employees") *citing* Buckner v. Florida Habilitation Network, Inc., *489 F.3d 1151, 1154 (11th Cir. 2007).* A Department of Labor regulation defines "domestic service employment" as "services of a household nature performed by an employee in or about a private home," including "companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors… **home health aides**, personal care aides" etc. [emphasis added]. *Id. citing 29 C.F.R. § 552.3.*

18. Defendant initially offered to compensate Plaintiff on an hourly basis.

19. During all times material hereto, Plaintiff was an hourly employee.

20. Based upon the time records kept and maintained by Defendant during the employment period, Plaintiff worked an estimated thirty-six (36) hours for which she was not compensated.

21. Prior to filing the instant lawsuit, and for a period of nearly three (3) months, Plaintiff made several attempts to recover the wages owed to her.

22. During all times material hereto, Defendant was expressly aware of the work performed by Plaintiff, but nevertheless refused to pay Plaintiff for the work she performed for them.

23. As a result of Defendant's intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Against All Defendants)**

24. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

26. Plaintiff claims the federal minimum wage for all of the hours that she worked between October 2019 and the end of her employment.

27. Defendants willfully and intentionally refused to pay Plaintiff's the applicable federal minimum wage as required by the FLSA, as Defendants knew of the minimum wage requirements of the FLSA.

28. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

29. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

30. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

31. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, DENEISHA HALSTEAD, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, ASZ CARING HEARTS HEALTHCARE INC., and award Plaintiff: (a) unliquidated damages to be paid by the Defendant; (b) liquidated damages to be paid by the Defendant; (c) reasonable attorney's fees and costs to be paid by the Defendant; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, DENEISHA HALSTEAD, requests and demands a trial by jury on all appropriate claims.

**Dated this 7th day of February, 2020.**

                                Respectfully Submitted,

                                **USA EMPLOYMENT LAWYERS-**
                                **JORDAN RICHARDS, PLLC**
                                805 E. Broward Blvd. Suite 301
                                Fort Lauderdale, Florida 33301
                                Ph: (954) 871-0050
                                *Counsel for Plaintiff*

                                By: */s/ Jordan Richards*
                                JORDAN RICHARDS, ESQUIRE
                                Florida Bar No. 108372
                                *Jordan@jordanrichardspllc.com*
                                *Melissa@jordanrichardspllc.com*
                                *Jake@jordanrichardspllc.com*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 7, 2020.

                                By: */s/ Jordan Richards*
                                JORDAN RICHARDS, ESQUIRE
                                Florida Bar No. 108372

## **SERVICE LIST:**